

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2007

# Fnu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4889

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fnu v. Atty Gen USA" (2007). *2007 Decisions.* Paper 862.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/862

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4889
_____

RACHMAD FNU,
 Petitioner

v.

ALBERTO R. GONZALES,
Attorney General of the United States,
 Respondent

_____

On Petition for Review of an Order of
the Board of Immigration Appeals
U.S. Department of Justice
(BIA No. A96-203-820)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 18, 2007

Before: McKEE, FISHER and CHAGARES, Circuit Judges.

(Filed: June 29, 2007)

_____

OPINION

_____

McKee, Circuit Judge:

Rachmad Fnu petitions for review of an order of the Board of Immigration
Appeals affirming the Immigration Judge's denial of his application for asylum,
withholding of removal, and deferral of removal under the United Nations Convention
Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment
(CAT). For the reasons that follow, we will deny Fnu's petition for review.[1]

We assume the parties' familiarity with the facts and procedural history and
therefore, need not set forth the factual or procedural background of this case.

In order to qualify for asylum or withholding of removal, Fnu must establish that
he is a "refugee" under the Immigration & Nationality Act ("INA"), 8 U.S.C. §
1101(a)(42)(A). Accordingly, he has the burden of proving by clear and convincing
evidence that he is unable or unwilling to return to the country of his nationality "because
of persecution or a well-founded fear of persecution on account of race, religion,

---

[1] We have jurisdiction to review the final order of the BIA under 8 U.S.C. § 1252.
Where the BIA affirms the IJ's decision without opinion, we review the decision of the IJ as the
final agency decision. *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005). We review the
denial of withholding of removal for substantial evidence where that issue is properly before us.
*Dia v. Ashcroft*, 353 F.3d 228, 245 (3rd Cir. 2003) (*en banc*).

2

nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

An application for asylum must be filed within one year of arrival in the United States absent "extraordinary circumstances relating to the delay in filing the application." 8 U.S.C. §§ 1158(a)(2)(B) and (D). We do not have jurisdiction to review the IJ's determination of the existence or absence of extraordinary circumstances required to avoid the one year limitation on filing an asylum application. *See Tarrawally v. Ashcroft*, 338 F.3d 180 (3d Cir. 2003).

Here, the IJ ruled that Fnu is statutorily ineligible for asylum because he failed to timely file his asylum application and failed to establish extraordinary circumstances that would excuse the delay. Moreover, Fnu conceded before the IJ that the asylum claim was time barred and failed to present any extraordinary circumstances or changed country conditions warranting a waiver of the statutory deadline.

Accordingly, we do not have jurisdiction to review the IJ's denial of asylum. We do, however, have jurisdiction to review the denial of withholding of removal and relief under the CAT. However, in the brief Fnu filed in support of his petition for review, he only petitions for review of the denial of asylum. Although the brief contains a passing reference to withholding of removal, it is just that, a passing reference.[2] Accordingly,

---

[2] The reference to withholding of removal is as follows: "It is clear that Petitioner meets the basic eligibility requirements for a grant of asylum and withholding of removal." Appellant's Br. at 4.

3

Fnu has waived any challenge to the denial of withholding of removal and relief under the

CAT.[3]  *See Nagle v. Alspach*, 8 F.3d 141, 143 (3rd Cir. 1993).

Accordingly, we affirm the decision of the IJ, and deny the petition for review.[4]

---

[3] The CAT is not even mentioned in the brief.

[4]  Although Fnu has waived any claim he may have had to withholding of removal and relief under the CAT, we note that our examination of the record leads us to conclude that his petition for review would have been denied even if those claims had not been waived. The IJ found Fnu's testimony not credible because his written statements about Galal's political activities contradicted Fnu's testimony about his conflict with Galal. That credibility determination is supported by the record and fatally undermines Fnu's attempt to qualify for "refugee" status or relief under the CAT.